## THOMAS BERTRONG v. THE STATE.

1. NEGLIGENT HOMICIDE.—See the opinion for legal propositions relative to negligent homicide given in charge to the jury by the court below, and held by this court to be correct in the abstract.

2. PRACTICE.—Without a statement of facts it is impossible for this court to determine whether requested instructions were erroneously refused; nor can a motion for a new trial, which was based on the facts of the case, be considered; nor the charge of the court be held erroneous if, under any state of facts, it could be correct.

APPEAL from the District Court of Coryell.    Tried below before the Hon. J. R. FLEMING.

There being no statement of facts, no outline of this case can be given.    Its general character may, to some extent, be inferred from such of the instructions as are copied in the opinion.

The verdict was negligent homicide in the first degree, and assessed a fine of $500.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.    Upon an indictment for murder, appellant was tried and convicted of the negligent homicide of one David Rogers, and his punishment affixed at a fine of $500.

There is no statement of facts in the record, and the grounds presented in the motion for a new trial are :

1st. That the court erred in refusing to give to the jury the 1st charge asked by the defendant.

2d. That the verdict of the jury is contrary to the law and the evidence.

The 1st charge asked by defendant was partly a literal copy of Paschal's Digest, Article 3125, prescribing rules

governing the introduction of evidence of dying declarations, and the latter portion of the charge was in these words : "That the jury should entertain no belief as to the guilt or innocence of defendant except what they obtain from the evidence."

The general charge of the court presented the rules of law applicable to murder in the first and murder in the second degree ; and, so far as can possibly be ascertained in the absence of a statement of the facts in the case, the court correctly charged the law applicable to the case relating to negligent homicide, in the following language used in the 11th and 12th paragraphs of the charge, to wit:

"11th. If the jury believe from the evidence that the defendant shot and killed the deceased, and that, at the time of said shooting, there was no apparent intention on the part of the defendant to kill the deceased, and that the deceased was at the time of the shooting in open view of the defendant, or that, by the exercise of such care and caution as a man of ordinary prudence would use under like circumstances, the defendant could have ascertained before shooting that it was the deceased, you will find him guilty of negligent homicide of the first degree.

"12th. If the jury believe from the evidence that the defendant, by accident, shot and killed the deceased, Rogers, taking him for wild game, you will find the defendant not guilty. But, before you can acquit the defendant on this ground, you must also believe from the evidence that the defendant, before and at the time of the alleged shooting, exercised the same degree of care and caution that a man of ordinary prudence would have done under the same circumstances." Pasc. Dig., Arts. 2235, 2236, 2239, 2241, 2242, and Arts. 1649, 1650.

It is impossible to determine, without a statement of facts, whether the court should have instructed the jury, or not, with reference to dying declarations, as requested by the

defendant.    In the absence of a statement of facts this court will not consider a motion for a new trial, based upon the facts of the case.    Nor will the charge of the court be revised if it could, under any statement of facts, be held correct.    *Giles Branch* v. *The State*, 1 Texas Ct. of App. 99 ; *Brooks* v. *The State*, decided at the present term of this court, *ante*, p. 1 ; *Talley* v. *The State*, 1 Texas Ct. of App. 688 ; *Trevinio* v. *The State*, 1 Texas Ct. of App. 72.

We see no necessity which was incumbent upon the court to give that portion of defendant's instruction above quoted, as the general charge fully acquainted and enjoined upon the jury their duty in that particular regard.

There is no error perceived in the record demanding of this court an interference with the judgment, and it is, therefore, in all things affirmed.

*Affirmed.*